TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

HAYLEY A. CARPENTER (CA Bar No. 312611)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC  20044
(202) 305-0242
hayley.carpenter@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| **UMPQUA WATERSHEDS,** an Oregon non-profit corporation; **CASCADIA WILDLANDS**, an Oregon non-profit corporation; and **OREGON WILD**,<br><br>Plaintiffs,<br><br>v.<br><br>**SHERRI CHAMBERS**, in her official capacity as North Umpqua District Ranger; and the **UNITED STATES FOREST SERVICE**,<br><br>Defendants<br><br>and<br><br>**AMERICAN FOREST RESOURCE COUNCIL**, an Oregon non-profit corporation; **DOUGLAS COUNTY, OREGON**; **SCOTT TIMBER COMPANY**, an Oregon Corporation<br><br>Intervenor-Defendants. | Case No. 6:21-cv-01505-AA<br><br>**STIPULATED SETTLEMENT AGREEMENT** |

This Stipulated Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into by and between Plaintiffs Umpqua Watersheds, Cascadia Wildlands, and Oregon Wild and Defendants Sherri Chambers, in her official capacity as North Umpqua District Ranger, and the United States Forest Service. By and through undersigned counsel, Plaintiffs and Defendants state as follows:

WHEREAS, the Forest Service issued a Decision Memo authorizing the Archie Creek Fire Roadside Danger Tree Project (the "Project" or "Archie Creek Project") on the Umpqua National Forest on August 18, 2021. The Project provides for the felling of danger trees affected by the 2020 Archie Creek Fire located along approximately 65 miles of identified travel corridors;

WHEREAS, Plaintiffs filed this action on October 14, 2021, alleging that approval of the Project violated the National Environmental Policy Act ("NEPA"), and the National Forest Management Act ("NFMA"), and the Administrative Procedure Act ("APA"), ECF No. 1 ¶¶ 95-126, and requesting, among other relief, vacatur and remand of the Decision Memo to the Forest Service for further consideration and an award of reasonable attorneys' fees, *id.* ¶¶ D, F (Prayers for Relief);

WHEREAS, Defendants dispute Plaintiffs' allegations and deny that Plaintiffs are entitled to the requested relief;

WHEREAS, the Plaintiffs and Defendants entered into settlement negotiations to attempt to achieve a resolution that would avoid further litigation of this case;

WHEREAS, the Plaintiffs and Defendants sought and obtained a stay of proceedings in this matter before Defendants responded to Plaintiffs' Complaint, ECF Nos. 8, 9;

WHEREAS, the Court granted motions to intervene from the American Forest Resource Council, Scott Timber Company, and Douglas County, Oregon on January 25, 2022. ECF No. 19. These Defendant-Intervenors are not signatories to this Settlement Agreement;

WHEREAS, Plaintiffs and Defendants, through their authorized representatives, have reached an agreement that they consider to be a fair and adequate resolution of the disputes set forth in Plaintiffs' Complaint, including Plaintiffs' claim for attorneys' fees and costs:

NOW, THEREFORE, it is stipulated by and between Plaintiffs and Defendants as follows:

1. The Forest Service will not proceed with implementing the Project except as described in Paragraphs 2, 3, and 4 of this Agreement.

2. The Forest Service may proceed with operations under the Burnt Creek Fire Salvage DxP I and Burnt Creek Fire Salvage DxP II timber sales, as awarded on September 20, 2021, and September 23, 2021, respectively.

3. The Forest Service may proceed with all operations under the Panther Creek Blanket Purchase Agreement, as authorized under the Project, except that the Forest Service will forego treatment along the 4711-015 and 4711-630 Roads and the segment of road 4714-185 Road west of its intersection with Forest Road 4714-355. All trees felled under the Panther Creek Blanket Purchase Agreement may be commercially removed unless in a Late Successional Reserve or a Riparian Reserve, as designated in the Northwest Forest Plan and the Umpqua National Forest Land and Resource Management Plan. Within the Late Successional Reserves and Riparian Reserves, all trees felled under the Panther Creek Blanket Purchase Agreement will be felled and retained within the immediate vicinity.

4. The Forest Service may proceed with danger tree removal along approximately

0.85 miles of the Mace Mountain Road, east from the National Forest boundary to the Late Successional Reserve boundary, as authorized under the Project.  All trees felled along Mace Mountain Road may be commercially removed unless in a Late Successional Reserve or a Riparian Reserve, as designated in the Northwest Forest Plan and the Umpqua National Forest Land and Resource Management Plan.  Within the Late Successional Reserves and Riparian Reserves, all trees along Mace Mountain Road will be felled and left.

5. Nothing in this Agreement prohibits Defendants from undertaking new projects or agency actions within the original Project Area.

6. Nothing in this Agreement prohibits Plaintiffs from filing future lawsuits against Defendants to challenge any future final agency action undertaken by Defendants.

7. Subject to Paragraph 8 below, Plaintiffs and Defendants agree to settle Plaintiffs' claim to attorneys' fees and costs in this litigation for a total payment of $16,000, pursuant to the Equal Access to Justice Act, 5 U.S.C. § 2412 *et seq.*, in full and complete satisfaction of any and all claims, demands, rights, and causes of action Plaintiffs may have for the recovery of attorneys' fees or litigation costs in this matter.  Provided, however, that Plaintiffs are not barred by this or any other provision of this Agreement from seeking attorneys' fees and costs incurred to enforce the terms of this Agreement, subject to all available defenses.

8. Defendants' payment, as identified in Paragraph 7 above, shall be accomplished by electronic funds transfer to Crag Law Center's IOLTA account on behalf of Plaintiffs.  Counsel for Plaintiffs will provide counsel for Defendants the appropriate account number and other information needed to facilitate payment.  Defendants shall submit the necessary paperwork for the payment within 30 days after issuance of the Order described in Paragraph 11 below and after Plaintiffs provide the information necessary to facilitate payment, whichever is

later.  Counsel for Defendants agrees to assist counsel for Plaintiffs in following up with the appropriate office(s) if payment is not received within thirty (30) calendar days after the paperwork for processing of the payment has been submitted.

9. Crag Law Center acknowledges that it is receiving payment on behalf of Plaintiffs and that Crag Law Center will distribute the appropriate settlement proceeds to Plaintiffs.  Plaintiffs agree to this procedure.  Counsel for Plaintiffs shall confirm payment within 10 days of receipt.  Plaintiffs also acknowledge that under 31 U.S.C. §§ 3711, 3716; 26 U.S.C. § 6402(d); 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the award of attorneys' fees and costs Plaintiffs' delinquent debts to the United States, if any.  *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

10. Once Plaintiffs have received payment under Paragraph 8 above, Plaintiffs and their attorneys agree to hold harmless Defendants in any litigation, further suit, or claim arising from the payment of the agreed upon $16,000 settlement amount.

11. Concurrently with this Agreement, Plaintiffs and Defendants jointly move to dismiss this action.  That Motion will request that the Court retain jurisdiction over this matter solely to oversee compliance with the terms of this Settlement Agreement.  *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994).  Any dispute over compliance with any provision of this Settlement Agreement shall proceed as set forth in Paragraph 12.

12. In the event that any party believes another party to be in breach of this Agreement, such party must give notice to the other party at the earliest possible date.  Notice from Plaintiffs should be provided to the U.S. Forest Service and to undersigned counsel for Defendants.  No party shall seek action by this Court or any other court regarding the alleged breach until after 14 days have passed since providing notice, during which time Plaintiffs and

Defendants agree that they will meet and confer (telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. Plaintiffs and Defendants agree that neither will seek contempt of court as a remedy for any violation of this Settlement Agreement, and Plaintiffs and Defendants therefore knowingly waive any right that they might have to seek an order for contempt for any such violation.

13. This Agreement constitutes the complete and final resolution of all legal, equitable, and administrative claims arising out of the approval of the Project. In acknowledgement of and in exchange for the promises and other consideration contained in this Agreement, and the payment by Defendants to Plaintiff referenced in Paragraphs 7 and 10 above, Plaintiffs and their respective affiliates, successors, and assigns hereby unconditionally and irrevocably release, waive, covenant not to sue, and forever discharge Defendants (including its past, present, and future officers, agents, and affiliates) from any and all claims, causes of action, allegations, demands, suits, judgments, liabilities, fees, interests, or obligations, whether known or unknown, foreseen or unforeseen, disclosed or undisclosed, presently asserted or otherwise, based on the same transactions or occurrences that are set forth in the Complaint, ECF No. 1.

14. This Agreement does not constitute, and shall not be construed as, an admission or concession on the part of any party with respect to any fact, claim, or defense in this action. This Agreement shall have no precedential value and will not be used as evidence of such in any pending or future civil or administrative action against Defendants, or the United States, or any agency or instrumentality of the United States. Defendants do not waive any defenses they may have concerning the claims settled under this Agreement.

15. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the

Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

16. This Agreement contains all of the agreements between Plaintiffs and Defendants and is intended to be the final and sole agreement between them. Plaintiffs and Defendants agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

17. The undersigned representatives of Plaintiffs and Defendants certify that they are fully authorized by the parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

18. This Agreement becomes effective on the date the Court issues an Order granting the concurrently-filed Motion to Dismiss referenced in Paragraph 11 above.

Respectfully submitted this 10th day of March, 2022.

/s/    Erin Hogan-Freemole (with permission)
Erin Hogan-Freemole, OSB # 212850
(541) 301-4618 │ erin@crag.org
Oliver J. H. Stiefel, OSB # 135436
(503) 227-2212 │ oliver@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214
Fax: (503) 296-5454

*Attorney for Plaintiffs*

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

/s/    Hayley A. Carpenter
HAYLEY A. CARPENTER (CA Bar No. 312611)
Trial Attorney
Natural Resources Section
P.O. Box 7611

Washington, DC  20044<br>
(202) 305-0242<br>
hayley.carpenter@usdoj.gov

*Attorneys for Defendants*